# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL HENRY HIDALGO, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-09-CA-728-SS |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions | § | |
| Division, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1) and memorandum in support (Document 2). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

# I. STATEMENT OF THE CASE

## A. Petitioner's Criminal History

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 403rd Judicial District Court of Travis County, Texas. Petitioner asserts he was convicted of aggravated assault and was sentenced to 18 years in prison on April 26, 2005. Petitioner's conviction was affirmed on December 15, 2006. Hidalgo v. State, No. 03-05-00260-CR, 2006 WL 3680622 (Tex. App. – Austin 2006, pet. dism'd). Petitioner also challenged his conviction in a state application for habeas corpus relief. Petitioner indicates he filed his application on June 2, 2008, and the Texas Court of Criminal Appeals denied it on February 11, 2009. Ex parte Hidalgo, Appl. No. 71,220-01.

## B. Petitioner's Grounds for Relief

Petitioner raises the following grounds for relief:

1. Petitioner received ineffective assistance of trial counsel;

2. Petitioner received ineffective assistance of appellate counsel;

3. The prosecutor was guilty of misconduct; and

4. He was subjected to an unconstitutional search and seizure.

# II. DISCUSSION AND ANALYSIS

## A. The Antiterrorism and Effective Death Penalty Act of 1996

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1] The AEDPA amended 28 U.S.C. § 2244 to provide a statute of

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254. That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on January 14, 2008, at the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals, which according to Tex. R. App. R. 68.2, is 30 days following the court of appeals' judgment affirming his conviction. Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003) ("The one-year limitations period began to run . . . when the 30-day period for filing a petition for discretionary review in state court ended."). Petitioner did not execute his federal application until September 22, 2009, after the limitations period had already expired. Petitioner's state application did not operate to toll the limitations period, because it was filed on June 2, 2008, also after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of October, 2009.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE